IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MIGUEL JIMINEZ,

    Petitioner,

v.                                            Civil Action No. 3:07cv639

DOUGLAS M. VAUGHAN,

    Respondent.

**MEMORANDUM OPINION**

Petitioner Miguel Jiminez, a Virginia state inmate proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jiminez asserts that he suffered ineffective assistance of counsel because his attorney failed to file a direct appeal of his sentence. Respondent has filed a motion to dismiss and Jiminez has responded. The matter is ripe for disposition.

**I. Facts and Procedural History**

In 2004, the Commonwealth of Virginia charged Jiminez with a probation violation, and with robbery, use of a firearm in the commission of a robbery, and possession of a firearm by a convicted felon. The Circuit Court of the County of Arlington ("Circuit Court") appointed Exequiel R. Sevilla, Jr., to represent Jiminez at his underlying trial.

On September 27, 2004, Jiminez pled guilty to the three counts pursuant to a written plea memorandum.[1]

---

[1] Jiminez also maintains that he plead guilty to the probation violation. However, the written plea memorandum and the Circuit Court's sentencing orders do not reflect this. The

On October 1, 2004, the Commonwealth's attorney sent a letter to counsel for Jiminez, memorializing their agreement that the Commonwealth would not prosecute Jiminez for crimes which he might disclose during his interview on that same date. The Commonwealth's attorney added: "We also want to repeat that we are not making any promises to [Jiminez] regarding our recommendation at his sentencing for the crimes of March 6, 2004[,] to which he pled guilty." Letter from Andrew R. Parker, Deputy Commonwealth's Attorney, to Exequiel R. Sevilla, Jr. (Oct. 1, 2004) ("Use-Immunity Letter").

On April 8, 2005, at Jiminez's sentencing hearing before the Circuit Court, the Commonwealth's attorney offered statements that Jiminez made at his co-defendant's preliminary hearing.

On May 2, 2005, the Circuit Court sentenced Jiminez to twenty-eight years and three years of supervised release for each count.[2] Pursuant to Rule 5A:6(a) of the Virginia Supreme Court,[3] Jiminez had the right to appeal this sentence within thirty (30) days. Thus, his right to appeal expired on June 1, 2005.

---

Court, however, need not resolve this issue because it does not affect its analysis of Respondent's motion or Jiminez's Petition.

[2] The Circuit Court sentenced Jiminez to three (3) years for use of a firearm in the commission of a felony, twenty (20) years for robbery, and five (5) years for possession of a firearm by a convicted felon. Sentencing Orders, May 2, 2005, *Commonwealth of Virginia v. Miguel Jiminez*, Case Nos. CR04-789, CR04-790, CR04-791. None of this time was suspended.

[3] "No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal . . . ." Va. Sup. Ct. R. 5A:6(a).

On April 18, 2005, Sevilla sent a letter to the Circuit Court, moving for reconsideration of Jiminez's sentence because the Commonwealth used statements by Jiminez allegedly made under a grant of immunity.

On April 19, 2005, Sevilla withdrew his letter requesting reconsideration because Jiminez's family was hiring a new attorney. Sevilla indicated that Jiminez had asked Sevilla to stop working on Jiminez's case.

On May 3, 2005, Sevilla again requested a motion for reconsideration on behalf of Jiminez. This letter contained no explanation about why Sevilla still was representing Jiminez.

On May 9, 2005, the Commonwealth's attorney submitted its opposition to Jiminez's motion for reconsideration.

On May 10, 2005, the Circuit Court denied Petitioner's motion for reconsideration of sentence.

On May 16, 2005, Sevilla sent a letter to the Circuit Court, arguing that the Circuit Court erred when it denied Jiminez's motion for reconsideration without holding a hearing or allowing Jiminez to reply to the Commonwealth's brief in opposition. He requested a hearing on the matter.

On June 10, 2005, the Circuit Court denied Sevilla's request for a hearing, stating that the Circuit Court was not required to hold a hearing or otherwise allow Jiminez an opportunity to file a reply to the Commonwealth's brief.

On July 8, 2005, Rebecca L. Marquez filed a motion to withdraw guilty plea on behalf of Jiminez. The record is silent as to whether the Circuit Court ever ruled on this motion.

On July 19, 2005, the Circuit Court entered a substitution order replacing Rebecca L. Marquez for Sevilla as Jiminez's counsel of record.  Jiminez maintains that his mother, Monica Jiminez, retained Marquez no later than May 16, 2005, and that Sevilla delivered Jiminez's file to Marquez on May 16, 2005.

Sometime between July 8, 2005, and January 4, 2006, Jiminez retained new counsel. Jimenez retained new counsel after Marquez allegedly stopped communicating with him and he learned that Marquez had not filed a direct appeal.

On January 4, 2006, by new counsel, Jiminez filed his state habeas petition.  In this state habeas petition, Jiminez raised three claims: (1) "Marquez never filed a notice of appeal or otherwise perfected an appeal from [the Circuit] Court to the Court of Appeals" (Pet. for Writ of Habeas Corpus ("State Habeas Pet.") ¶ 15, *Jiminez v. Johnson*, No. CL06-08 (Va. Cir. Ct. 2006)); (2) "Marquez failed to preserve for appeal the legal issues regarding Mr. Jiminez's sentence as well as the propriety of his guilty plea" (State Habeas Pet. ¶ 18); and, (3) Marquez "also failed to communicate properly [with Jiminez] during her representation of him" (State Habeas Pet. ¶ 18).  Jiminez amended his petition on March 20, 2006, to reflect the proper respondent.

On December 14, 2006, the Circuit Court conducted a hearing on Jiminez's state habeas petition.  At this hearing, the Circuit Court found that: (1) Jiminez did not clearly direct Marquez to file an appeal (Tr. of Evidentiary Hr'g ("Tr.") 79:18-21, *Jiminez v. Johnson*, No. CL06-08 (Va. Cir. Ct. 2006)); (2) Jiminez did not retain Marquez to file an appeal (Tr. 80:9-10); (3) the evidence was insufficient to show that Jiminez had an intent to appeal (Tr. 82:5-9); and,

(4) Marquez did not become Jiminez's counsel of record until after his time to appeal had elapsed (Tr. 83:9-12).

On February 1, 2007, Jiminez filed a motion for reconsideration of the Circuit Court's denial of his state habeas petition.

On February 9, 2007, the Circuit Court entered a final order denying Jiminez's state habeas petition.

On March 6, 2007, Jiminez appealed the Circuit Court's decision to the Supreme Court of Virginia.

On September 4, 2007, the Supreme Court refused Jiminez's petition for appeal.

On October 17, 2007, Jiminez filed a federal habeas petition.

On November 28, 2007, Respondents filed the instant motion to dismiss.

## II. The Applicable Substantive and Procedural Constraints Upon Federal Habeas Corpus Review

This Court's power to grant relief by way of a writ of habeas corpus is circumscribed by 28 U.S.C. §§ 2254(d) and 2254(e)(1). Under Section 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). A petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that this standard places an additional hurdle before federal habeas petitioners who now must demonstrate not only that the state court's decision was erroneous or incorrect, but also that it was unreasonable. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

### III. Analysis

**A. Exhaustion**

"In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing," a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief. *Matthews v. Evatt*, 105 F.3d 907, 910 (4th Cir. 1997); *see also* 28 U.S.C. § 2254(b) (barring the granting of habeas corpus relief unless it appears that "the applicant has exhausted the remedies available in the courts of the State"). Jiminez presented his claim on state habeas review to the Supreme Court. Therefore, he has exhausted his claims properly.

**B. Ineffective Assistance of Counsel**

In *Strickland v. Washington*, the Supreme Court held that the Sixth Amendment[4] guarantees a criminal defendant's right to reasonably effective assistance of counsel. 466 U.S. 668, 687 (1984). In order to establish a constitutional violation based on counsel's failure to

---

[4] The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

appeal, a defendant must prove that (1) counsel was ineffective, and (2) but for counsel's ineffectiveness, a timely appeal would have been filed. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000). "[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *accord Flores-Ortega*, 528 U.S. at 484. Thus, to prevail on an ineffective assistance claim for failing to note an appeal, a defendant need not "demonstrate that his hypothetical appeal might have had merit," but rather only that "but for counsel's deficient conduct, he would have appealed." *Flores-Ortega*, 528 U.S. at 486.

In this case, the Circuit Court held an evidentiary hearing on Jiminez's state habeas petition. At the evidentiary hearing, the Circuit Court made factual and legal findings as to Jiminez's ineffective assistance of counsel claim that is identical to the claim presently before this Court. Accordingly, the Court considers whether Jiminez can rebut by clear and convincing evidence the Circuit Court's finding that Jiminez did not instruct Marquez to appeal, and that Marquez acted reasonably in not consulting Jiminez about appeal.

### 1. Whether Specific Instructions to File a Notice of Appeal Occurred

Jiminez maintains that his mother hired Marquez to file a direct appeal and that he wanted Marquez to file an appeal. He also contends that his asking Sevilla and Marquez to file motions to reconsider sentencing, and his asking Marquez to file a motion to withdraw guilty plea substantiate his claim that he sought an appeal. Jiminez argues, "The combined testimony of both Mr. Jiminez and Mrs. Jiminez and the obvious circumstances of a terribly adverse ruling

by the circuit judge is more than sufficient to satisfy the Petitioner's burden of proof that he hired Ms. Marquez to appeal." (Pet.'s Br. in Opp'n to Mot. to Dismiss & in Response to Rule 5 Answer 12.)

The Circuit Court found that "[i]t's not in any way clear that [Jiminez] directed Ms. Marquez . . . that he wanted to appeal." (Tr. 79:18-21.) The Circuit Court made this finding based on Jiminez's testimony that he did not ask Marquez to file an appeal. In fact, when asked by his own attorney whether he discussed filing an appeal with Marquez, Jiminez responded, "We discussed a motion to reverse my guilty plea." (Tr. 14:5-7.) Marquez also testified that she was retained by Mrs. Jiminez to file a motion for reconsideration of sentence and never agreed to file an appeal. (Tr. 44:4-10; 53:10-17.) The Circuit Court noted that even if Mrs. Jiminez had asked Marquez to file an appeal, this would not lead to a different result because Marquez was bound to represent her client, Jiminez, and not Mrs. Jiminez.

Jiminez has not rebutted the Circuit Court's finding by clear and convincing evidence because he only presents evidence that the Circuit Court already considered. It is beyond question that Marquez could not be ineffective for failing to carry out Jiminez's desire to appeal if Jiminez never communicated this desire to Marquez. Thus, Marquez was not ineffective because Jiminez lodged no specific instruction to file appeal.

### 2. **Consultation About Appeal**

When a client has not clearly expressed her or his desire to appeal or not to appeal, the question becomes whether counsel consulted with the defendant as to an appeal. *Flores-Ortega*, 528 U.S. at 478; *Witherspoon*, 231 F.3d at 926. "Consult," as defined by the Supreme Court, means to advise "the defendant about the advantages and disadvantages of taking an appeal, and

[make] a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. If, after consulting with the defendant, counsel does not follow her or his express instructions, counsel's performance is unreasonable. *Id.* If counsel did not consult with the defendant, the inquiry turns to whether such failure in itself was unreasonable. *Id.*

The Constitution requires counsel to consult with the defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [she or] he was interested in appealing." *Id.* at 480. Whether the defendant proceeded to trial or pled guilty becomes a highly relevant factor to this inquiry. *Id.* If the defendant pled guilty, the court should consider whether the defendant received the sentence bargained for in a plea agreement and whether the defendant waived some or all rights to appeal in the plea agreement. *Id.* Courts assess counsel's performance in carrying out the duty to consult under a standard of reasonableness. *Id.* at 481. When a defendant establishes that counsel's performance was unreasonable, the defendant must then demonstrate that but for counsel's deficient performance, she or he would have appealed. *Id.* at 483-84. Upon such a showing, the court presumes prejudice to the defendant. *Id.*

It is clear that Marquez did not consult with Jiminez about appeal. The Circuit Court found that Marquez acted reasonably because: (1) the record did not establish that Jiminez had the intent to appeal; (2) there was no evidence that would have overridden Jiminez's written and oral waiver of his right to appeal; (3) the record lacked evidence that Sevilla, who represented Jiminez until May 16, 2005, did not inform Jiminez about his appeal rights; and, (4) Marquez did not represent Jiminez until after his time for appeal had elapsed. (Tr. 82:5-83:12.) Also, the

record does not suggest any non-frivolous ground for appeal because, contrary to Jiminez's assertions, the use-immunity agreement Jiminez entered into explicitly excises any sentencing recommendation from the agreement. *See* Use-Immunity Letter; Tr. 75:12-76:14.

Again, Jiminez directs the Court only to evidence that the Circuit Court already considered. Therefore, Jiminez fails to rebut the Circuit Court's finding by clear and convincing evidence. The Court finds that Marquez acted reasonably in her representation of Jiminez, even though she did not consult with him about his appeal rights. There were no viable grounds for appeal, Jiminez expressly waived his right to appeal in writing and under oath in open court, Jiminez did not otherwise express an intent to appeal, and Marquez did not represent Jiminez until after his time to appeal had passed.

## IV. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss shall be GRANTED. (Docket No. 4.) Accordingly, the Petition (Docket No. 1) will be DISMISSED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: June 5, 2008